# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| DEMOND WESTON, | ) | |
| | ) | Case No. 20-cv-6189 |
| Plaintiff, | ) | |
| | ) | Hon. LaShonda A. Hunt |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO, GEORGE BECKER as | ) | |
| special representative of Deceased Defendant | ) | |
| MICHAEL KILL, ANTHONY MASLANKA, | ) | |
| WILLIAM MOSER, JOHN PALADINO, DAN | ) | |
| MCWEENY, ANDREW CHRISTOPHERSON, | ) | |
| JEROME RUSNAK, VICTOR BRESKA, and | ) | |
| UNKNOWN EMPLOYEES OF THE CITY OF | ) | |
| CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Currently before the Court[1] is the Rule 12(b)(6) motion to dismiss of Defendant George

Becker, as special representative of Deceased Defendant Michael Kill. Plaintiff Demond Weston

filed this Complaint in 2020 against Kill and other Chicago Police officers who allegedly tortured

him and coerced him to falsely confess to crimes he did not commit. However, Kill died in 2018.

Defendant Becker now argues that the claims against him as special representative for Kill and/or

the Kill Estate are time-barred. For the following reasons, Defendant Becker's motion to dismiss

[156] is denied.

## BACKGROUND

Plaintiff alleges that in 1992, he was wrongfully convicted and sentenced to 75 years in

prison. (Dkt. 1 ¶62). In 2014, Plaintiff petitioned the state court for a new trial, citing extensive

---

[1] This case was reassigned to the calendar of Judge Hunt on June 2, 2023. (Dkt. 215).

abuse by individual Defendant officers, including Kill, during his interrogation. (*Id.* ¶65). In 2016, Plaintiff's motion was granted. (*Id.* ¶66). A Special Prosecutor ultimately moved to vacate Plaintiff's conviction and dismiss all charges against him; on December 19, 2019, Plaintiff was released from prison. (*Id.* ¶¶66-67).

On October 16, 2020, Plaintiff sued the individual officers and the City of Chicago. At the time of filing, Plaintiff averred that Kill had died in 2018.[2] (*Id.* ¶10). On December 21, 2021, Plaintiff filed a motion to appoint a Special Representative for Deceased Defendant Michael Kill, which was granted the following day. (Dkts. 89, 94). On March 21, 2022, Defendant Becker was added as party defendant Special Representative of Deceased Defendant Michael Kill. (Dkt. 119). Nearly a year later, Defendant Becker moved to dismiss all claims against Kill as untimely. (Dkt. 156). Plaintiff has filed a brief in opposition to the motion (Dkt. 166) and Defendant Becker has filed his reply in support (Dkt. 172). After considering the arguments presented, the Court concludes that Plaintiff's claims against Kill may proceed.

## **DISCUSSION**

### I.  **Legal Standard**

A Rule 12(b)(6) motion to dismiss for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529–30, 131 S. Ct. 1289 (2011). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197 (2007) (per curiam). To survive a motion to dismiss, plaintiff must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007). A complaint is facially plausible when plaintiff alleges "factual content

---

[2] Kill died on January 15, 2018. (Dkt. 156 at 1, fn.1).

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009).

## II.    Timeliness of Plaintiff's Claims Against Kill

### A.  Illinois Probate Act

Under Federal Rule of Civil Procedure 17(b)(3), the capacity to be sued for any party who is not an individual or a corporation is dictated by the law of the state where the court is located.[3] As such, the Court turns to Illinois law to determine whether the action against Defendant Becker, who is sued in his capacity as a Special Representative of Deceased Defendant Michael Kill (*i.e.*, not as an individual or a corporation), may go forward.

In their briefs, the parties primarily focus on the Illinois Probate Act, 755 ILC 5/1 *et seq*., which provides, in relevant part:

> (b) Unless sooner barred under subsection (a) of this Section,[4] all claims which could have been barred under this Section are, in any event, barred 2 years after decedent's death, whether or not letters of office are issued upon the estate of the decedent.
>
> (c) This Section does not bar actions to establish liability of the decedent to the extent the estate is protected by liability insurance.

755 ILCS 5/18-12(b)-(c).  Therefore, any claims against Kill that were filed more than two years after his death are barred except to the extent his estate was protected by liability insurance. Since Kill died on January 15, 2018 and the Complaint was not filed until October 16, 2020, there is no question that these claims were filed over two years after Kill's death. Consequently, Defendant Becker contends that Plaintiff's claims against Kill must be dismissed.

---

[3] Fed. R. Civ. P. 25 is not relevant here because it applies only when a party dies during the pendency of the litigation. *Ezell v. City of Chicago*, No. 18 C 1049, 2020 WL 535130, at *3 (N.D. Ill. Jan. 17, 2020).  Neither side disputes that Kill died before the Complaint was filed.

[4] Subsection (a) of 755 ILCS 5/18-12, which addresses the death of a "person entitled to bring an action" is not applicable here.

However, Plaintiff argues that the Illinois Tort Immunity Act's indemnification provision for police officers "is the functional equivalent of liability insurance in the context of Section 5/18-12(c)" of the Illinois Probate Act. (Dkt. 166 at 7). In support, Plaintiff cites *Brown v. City of Chicago*, No. 19 C 4082, 2020 WL 4696624, at *2 (N.D. Ill. Jan. 28, 2020). There, plaintiff was wrongfully convicted of murder in 2011 and after being granted a certificate of innocence in 2019, filed suit 11 days later. But in 2013, while plaintiff was still in prison, one of the defendant officers had died. *Id*. at *1. Plaintiff subsequently filed a motion to appoint a special representative for the deceased defendant officer, which was opposed on the ground that Section 18-12 barred plaintiff's suit because the defendant officer had died more than two years before the action was filed against him. *Id.* at *2. Judge Ellis rejected that contention and found that "the City's indemnification obligation functionally serves as a 'liability policy' for purposes of . . . [Section] 18-12." *Id*.

Defendant argues that *Brown* misconstrues Illinois law and liability insurance, and indemnification are distinct concepts that should not be conflated. The Court is not persuaded. The Illinois Probate Act's two-year time limit to bring claims "specifically was adopted to facilitate the early settlement of estates." *In re Estate of Parker*, 957 N.E. 2d 454, 466 (Ill App. 1st 2011). Proceeds from a liability insurance policy would have no effect on estate settlement because they are paid by the insurance company, not the estate. Presumably this is why the Illinois legislature carved out claims covered by liability insurance as those would not necessarily hinder the stated goal of facilitating orderly resolution of estates. The same rationale holds true for indemnification of police officers. Because claims against a deceased police officer would be covered by municipal indemnification, a judgment would have no effect on the settlement of the decedent's estate. Thus, the Court joins *Brown* in finding that the indemnification of police officers is the functional

equivalent of liability insurance for purposes of the Illinois Probate Act. As such, claims covered by that indemnification provision can be brought more than two years after the decedent has died.[5]

Additionally, this conclusion prevents unjust results. A section 1983 action based on an unconstitutional conviction does not accrue until the conviction has been invalidated just as a cause of action for malicious prosecution does not accrue until the criminal proceedings have terminated. *Heck v. Humphrey*, 512 U.S. 477, 489-90, 114 S.Ct. 2364 (1994). If the Court adopted Defendant Becker's position, that could create a scenario where a wrongfully convicted individual would be time barred from bringing claims against those responsible before the claims had even begun to accrue. Worse still, it would create a perverse outcome where the longer a person was wrongfully incarcerated, the less likely the individual would have the opportunity to seek redress for the wrong. The likelihood of tortfeasors dying—and the two-year window closing—while the individual was imprisoned would increase the longer s/he was in custody. The *Brown* reasoning prevents such inequities. Therefore, the Court finds Plaintiff's claims against Kill are not barred by Section 18-12(b) of the Illinois Probate Act.

## B. <u>Statute of Limitations</u>

In Illinois, a section 1983 claim must be filed within two years of the date the cause of action accrued. *Fulton v. Bartik*, 547 F. Supp. 3d 799, 814 (N.D. Ill. 2021). The latest possible date that Plaintiff's claims could have accrued here is December 19, 2019, when he was released from prison and his conviction was vacated. Of course, Plaintiff's complaint was filed in October 2020, well before the statute of limitations would have run. However, it named Kill as a defendant even

---

[5] The causes of action against Kill or Defendant Becker as his representative are timely only to the extent that they are limited to damages arising from "an act or omission occurring within the scope of [Detective Kill's] employment" as that is the limit of the indemnification provision in the Illinois Tort Immunity Act. *See* 745 ILCS 10/2-302. To the extent Plaintiff seeks an award of punitive or exemplary damages against Kill, those claims are not covered by the Tort Immunity Act. *Id*. Indeed, those claims would be time barred since any such damages would need to be paid by the individual decedent, which does raise concerns about facilitating the early settlement of estates and thereby implicates the jurisdiction bar in Section 18-12(b) of the Illinois Probate Act.

though under Illinois law, "a lawsuit instituted against a person who is already dead at the time the suit is filed is a nullity and void *ab initio*." *Relf v. Shatayeva*, 998 N.E.2d 18, 22 (Ill. 2013). As a result, Defendant Becker asserts that Plaintiff's claims are time barred because he did not move to appoint a special representative until December 21, 2021, after the statute of limitations had run. [6]

The relevant Illinois statute discussing the timing for filing a motion to appoint a special representative provides that:

> (b) If a person against whom an action may be brought dies before the expiration of the time limited for the commencement thereof, and the cause of action survives, and is not otherwise barred:

> (1) an action may be commenced against his or her personal representative after the expiration of the time limited for the commencement of the action, and within 6 months after the person's death;

> (2) if no petition has been filed for letters of office for the deceased's estate, the court, upon the motion of a person entitled to bring an action and after the notice to the party's heirs or legatees as the court directs and without opening an estate, may appoint a special representative for the deceased party for the purposes of defending the action. If a party elects to have a special representative appointed under this paragraph (2), the recovery shall be limited to the proceeds of any liability insurance protecting the estate and shall not bar the estate from enforcing any claims that might have been available to it as counterclaims. [7]

735 ILCS 5/13-209(b).

After briefing was completed on the instant motion, the Illinois Supreme Court issued an opinion clarifying the interplay between section 209(b)(2) and statutes of limitations. *Lichter v. Carroll*, --- N.E.3d ---, 2023 IL 128468, 2023 WL 7029881, at *7 (Ill. Oct. 26, 2023). [8] In *Lichter*,

---

[6] Plaintiff suggests the statute of limitations would not have run until December 20, 2021, since December 19, 2021 fell on a Sunday. It is not necessary to resolve that point, though, given that Plaintiff concedes the motion was filed after the two-year limit had elapsed.

[7] The parties agree that no petition has been filed for letters of office for Detective Kill's estate and therefore section 209(b)(2) applies here.

the Illinois Supreme Court held that: "a plaintiff moving to appoint a special representative pursuant to subsection (b)(2) must do so within two years 'of the time limit[ ] for the commencement of the original action.'" *Id.*

Here, Plaintiff had until December 19 or 20, 2021 to assert his federal causes of action against Kill. He filed the motion to appoint a special representative on December 21, 2021. Under *Lichter*, Plaintiff had two years from December 2021 to file the motion for a special representative, which he has easily satisfied. Furthermore, Plaintiff's motion was timely as to the Illinois state law claims for malicious prosecution, intentional infliction of emotional distress, and civil conspiracy, which carry a one-year statute of limitations. 745 ILCS 10/8-101; *Cherry v. Davis*, No. 12 C 4070, 2013 WL 1628236, at *2 (N.D. Ill. Apr. 15, 2013). Accordingly, Plaintiff's motion to appoint a special representative was timely.

## CONCLUSION

For all the foregoing reasons, Defendant George Becker's Motion to Dismiss [156] is denied. Defendant Becker's answer to the Complaint is due by February 7, 2024.

Date: January 16, 2024                    ENTERED:


LaShonda A. Hunt
United States District Judge

---

[8] The parties were granted leave to file supplemental authority addressing the impact here, if any, of the *Lichter* decision. (Dkts. 241, 247). The Court also considered those arguments.